UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-20906-CIV-SEITZ

QBE INSURANCE CORP.,

    Plaintiff/Counter-Defendant,

v.

DOME CONDOMINIUM ASSOCIATION,
INC. d/b/a BAYVIEW TOWERS NORTH &
SOUTH, a Florida corporation,

    Defendant/Counter-Claimant.
_____/

## ORDER DENYING MOTION TO INTERVENE

THIS MATTER is before the Court because an attorneys' charging lien was filed in this case following the break up of a law firm. Alan B. Garfinkel and Leigh C. Katzman (Movants) seek to intervene and preclude the disbursement of settlement proceeds [DE-290] to the Defendant, a condominium association (the Association). Defendant has filed a response [DE-292], and Movants have filed a reply [DE-293].

This case arose from the Association's claim against its insurer for property damage incurred during Hurricane Wilma. The parties ultimately settled their claims and it is the settlement proceeds that are currently at issue. During the course of the case, the Association's counsel's firm, Katzman, Garfinkel & Rosenbaum, LLP (KGR) broke up. However, named partner Daniel Rosenbaum continued to represent the Association in this matter. Garfinkel and Katzman, the other two named partners in KGR, now seek to intervene to protect KGR's charging lien [DE-263] and an alleged contractual lien. However, Movants are not entitled to intervene because they do not have a sufficient interest in the property that is the subject of the action. Consequently, the Motion is denied.

## I. Facts[1]

*Relevant Procedural History*

During the course of this action, the Association was represented by Daniel Rosenbaum and the firm KGR. After the case was tried in December 2009, the case was stayed pending the resolution of a separate case before the Florida Supreme Court, which involved similar issues. During the course of the stay, KGR broke up and Movants sued Rosenbaum in Palm Beach County Circuit Court. As a result of the dissolution of KGR, Rosenbaum started a new firm, which is currently known as Rosenbaum Mollengarden PLLC. Rosenbaum and his new firm continued to represent the Association after the break-up of KGR. A Receiver has been appointed in the KGR dissolution case pending in Palm Beach County Circuit Court. DE-292-2. Pursuant to the Order Appointing Receiver, the Receiver is authorized to make all financial decisions on behalf of KGR, including whether to disburse funds from firm accounts. *Id.* at ¶3. The Order Appointing Receiver also prohibits the parties to that action, which include Movants and Rosenbaum, from collecting or attempting to collect receivables, income, revenue, or profits of KGR and from acting on behalf of KGR. *Id.* at ¶6. After his appointment, the Receiver filed, on behalf of KGR, a Notice of Charging Lien in the instant case on July 1, 2011. DE-263.

On July 13, 2012, the Court lifted the stay. On December 11, 2012, the parties filed a Joint Stipulation of Dismissal With Prejudice stating that the parties had settled the matter. DE-288. On December 12, 2012, the Court entered its Order of Dismissal With Prejudice and retained "jurisdiction over any matters related to the enforcement of the settlement agreement and the

---

[1]The Facts are based on the representations made by the Association and by the Movants in their papers and the exhibits attached thereto.

adjudication of any liens against the settlement proceeds." DE-289. Subsequently, the instant Motion to Intervene was filed.

*The Agreement*

Movants' assert their right to intervene based on an Agreement between Katzman LLP, referred to in the Agreement as "the Firm," and Rosenbaum, which was entered into in August 2008 (the Agreement). Pursuant to the terms of the Agreement, Rosenbaum received a one-third ownership interest in the Firm and was designated a Partner. DE-290-1, p.1. The Agreement further states that, upon termination of the Agreement, if Rosenbaum continues to represent clients whom he represented while part of the Firm, the Firm would have a charging lien on the client's case. The parties to the Agreement also agreed that the charging lien would be equal to 70% of the total fees subsequently earned in connection with the specific case. *Id.* at ¶¶11(a) & (b). Additionally, Rosenbaum would have no interest in any fees paid to the Firm pursuant to the Agreement after termination of the Agreement. *Id.* at ¶11(j). In the case of a dispute over the amount owed to the Firm in fees, after the termination of the Agreement, the Agreement requires Rosenbaum to place the entire fee in an interest-bearing account to be held in trust until the dispute is fully resolved. *Id.* at ¶11(f)(iii).

**II. Discussion**

Movants seek to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2), which requires that a movant have an interest relating to the property that is the subject matter of the action. According to Movants, they have an interest in the settlement proceeds because they are third-party beneficiaries of the Agreement. Further, based on Rosenbaum's prior conduct, Movant's are concerned that Rosenbaum will abscond with the settlement proceeds without paying

the amounts due to KGR. The Association opposes the Motion to Intervene because: (1) the Motion did not comply with Local Rule 7.1(a)(3); (2) Movants do not have an interest entitling them to intervene; (3) the Court lacks jurisdiction to preclude disbursement based on a contract subject to the jurisdiction of the dissolution court; and (4) the Motion otherwise lacks merit. Because Movants are not entitled to intervene, the Court need not address the Association's other objections to intervention.

Under Rule 24(a)(2), a "court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Movants do not have such an interest because they stake their claim on their status as third-party beneficiaries of the Agreement. In order to have a third-party beneficiary, the contracting parties must express an intent to primarily and directly benefit the third-party. *Vencor Hospitals v. Blue Cross Blue Shield of Rhode Island*, 169 F.3d 677, 680 (11th Cir. 1999). However, the Agreement does not express an intent to *primarily and directly* benefit Movants. Instead, the Agreement indicates an intent to benefit the parties to the Agreement – the Firm and Rosenbaum. Notably neither Movant is a party to the Agreement. While the Agreement does refer to Movants being allocated profits from the Firm, it does so only in an illustration.[2] Thus, the Agreement does not explicitly state that Movants would

---

[2]Specifically, paragraph 3(b) of the Agreement states:

With respect to the guaranteed payments payable to Rosenbaum pursuant to Section 3(a) above, it is further agreed that Fifty (50%) of the guaranteed payment shall be deducted from Rosenbaum's annual allocation of profits. By way of example if Firm profits, determined by the Firm's [] Certified Public Accountant, are Three Million Dollars ($3,000,000.), Leigh C. Katzman would receive . . ($1,137,500.00), Alan B. Garfinkel would receive . . . ($1,137,500.00), and Daniel S. Rosenbaum would receive . . . ($725,000).

4

receive the profits from the Firm. This one reference to Movants does not demonstrate a clear intent to primarily and directly benefit Movants. In fact, Movants would benefit from the Agreement only if there were profits and the profits were distributed to the Firm's partners. Thus, Movants are not third-party beneficiaries of the Agreement. Consequently, Movants do not have a property interest in the settlement proceeds and, therefore, do not have a right to intervene.

Furthermore, KGR has filed its Notice of Charging Lien. Because any interest that Movants might have in the settlement proceeds are derivative of any interest held by KGR, KGR can adequately represent that interest in these proceedings. Rule 24(a)(2) does not permit intervention if the interests of the proposed intervenor are adequately represented. Consequently, Movants are not entitled to intervene. Accordingly, it is hereby

ORDERED THAT:

1. Alan B. Garfinkel and Leigh C. Katzman's Motion to Intervene and Preclude Disbursement of Settlement Proceeds [DE-290] is DENIED.

2. By **May 1, 2013,** the Receiver, Plaintiff, and Rosenbaum shall file with the Court a notice indicating that the settlement proceeds have been disbursed to the Association and the portion of the settlement proceeds designated for attorneys' fees have been placed in an interest bearing account.

DONE AND ORDERED in Miami, Florida, this 25th day of April, 2013.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record